**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Dwayne A. Reddick

     v.                           Civil No. 05-cv-256-SM

United States Department of Justice et al.

**AMENDED REPORT AND RECOMMENDATION[1]**

Proceeding *pro se* and *in forma pauperis*, plaintiff Dwayne A. Reddick has filed an amended complaint, seeking the return of personal property that allegedly was illegally seized and forfeited in violation of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution (document no. 5).  Although the complaint references Section 1983, Reddick brings suit against federal defendants, therefore, I construe his claims as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).  In addition, he invokes 21 U.S.C. § 882(a) as a jurisdictional predicate, which I construe as a collateral attack on the completed administrative forfeiture proceedings.

---

[1]In light of Reddick's newly filed amended complaint, this report and recommendation supercedes the report and recommendation issued on September 8, 2005.

Seeking declaratory and monetary relief, Reddick brings this action against United States Department of Justice ("DOJ"), the Drug Enforcement Administration ("DEA") and John Doe, a DEA employee.  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I recommend dismissal of the *Bivens* claims against all defendants in their official capacities and order Reddick to amend his complaint consistent with this order.

### Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review

ensures that *pro se* pleadings are given fair and meaningful

consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49

(1st Cir. 1988).

## Background

Construing the factual allegations in the light most

favorable to Reddick, the material facts are as follows.

Reddick is currently incarcerated as a pretrial detainee at the

Hillsborough County Department of Corrections.  On October 15,

2003, he was arrested by the Nashua Police Department ("NPD") at

his apartment located at 28 Railroad Square, Nashua, New

Hampshire.  During the arrest, Officer Giggi of the NPD seized

United States currency in the amount of $2,895.00.  Thereafter,

on November 17, 2003, the DEA adopted the currency from the NPD

for purposes of initiating federal forfeiture proceedings

pursuant to 21 U.S.C. § 881.

On December 30, 2003, the DEA allegedly sent a notice of

seizure to Reddick thereby notifying him of the initiation of

forfeiture proceedings.  The record is silent as to whether the

notice advised Reddick of his right to request remission or

mitigation of the forfeiture by filing a timely claim with the

DEA Forfeiture Counsel.  The record also is silent as to whether

Reddick was advised that in addition to or in *lieu* of petitioning

for remission of mitigation, he had the right to contest the forfeiture in United States District Court by filing a timely claim with the DEA.  Reddick alleges that he never received the notice of seizure from the DEA.  Deputy Chief Don Conley of the NPD advised him that on November 17, 2003 the notice was sent to his address at 28 Railroad Square in Nashua, New Hampshire.  At that time, however, Conley allegedly knew that Reddick was incarcerated at Valley Street Jail in Manchester, New Hampshire.

On April 21, 2004, the DEA notified Reddick that because the agency never received a claim from him contesting the seizure of currency within the statutory time frame, his currency was declared forfeited to the United States on March 24, 2004.  In October 2004, Reddick sent a demand letter to the NPD in which he requested the return of the seized currency.  The NPD responded on November 8, 2004, informing him that on November 18, 2003 the currency had been turned over to the DEA for seizure and forfeiture and that several attempts were made to notify him at his Nashua address.

Reddick now brings the instant action seeking the return of his personal property that allegedly was illegally seized and forfeited in violation of his federally protected rights.

Discussion

I.   Bivens

The premise of Reddick's *Bivens* claim is that defendants,
acting in their individual and official capacities as federal
agencies or employees, deprived him of personal property in
violation of his rights under the Fourth and Fourteenth
Amendments.[2]

To the extent Reddick intends to allege official capacity
claims under *Bivens* against the DOJ, DEA and John Doe, I conclude
that he has failed to state a claim upon which relief may be
granted.  The Supreme Court has declined to imply a *Bivens* action
against federal agencies or federal agents acting in their
official capacities.  See FDIC v. Meyer, 510 U.S. 471 (1994);
accord Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214
(10th Cir. 2003) (holding that *Bivens* actions may not be filed
against federal agencies or federal agents acting in their
official capacities); Hatten v. White, 275 F.3d 1208, 1210 (10th
Cir. 2002) (same); Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.
2000) ("It is well settled that a *Bivens* action will not lie

---

[2]Although characterized as Fourth, Eighth and Fourteenth
Amendment violations, liberally construed Reddick's claims appear
to arise under the Fourth and Fourteenth Amendments.

against an agency of the federal government.").  Accordingly, I
recommend dismissal of the official capacity claims under *Bivens*
against the DOJ, DEA and John Doe.

To the extent Reddick intends to allege a *Bivens* claim
against John Doe in his individual capacity, he has failed to
properly identify the Doe defendant.  If Reddick intends to bring
suit against the DEA Forfeiture Counsel, Asset Forfeiture
Section, he should clearly state so in his amended complaint.  In
order to state a cause of action under *Bivens*, he must allege
facts which show that the Doe defendant acted 'under color of
federal authority' and was personally involved in the deprivation
of his constitutional rights.  Browning v. Clinton, 292 F.3d 235,
250 (D.C. Cir. 2002) (explaining that action under color of
federal law is critical to a *Bivens* claim); Gossmeyer v.
McDonald, 128 F.3d 481, 495 (7th Cir. 1997) (explaining that
personal involvement is required to state a claim under *Bivens*).
In amending his complaint, therefore, Reddick should clearly
identify Doe and demonstrate how he was personally involved in
the seizure of his personal property or otherwise deprived him of
a federally protected right.

II.   Collateral Attack on Administrative Forfeiture

Construed liberally, the complaint alleges that the DEA
violated Reddick's due process rights by failing to provide
adequate notice of the forfeiture proceedings initiated against
him pursuant to 21 U.S.C. § 881.  He therefore appears to assert
a collateral due process attack on the DEA's administrative
forfeiture and a challenge to the adequacy of notice provided to
him.[3]

The Controlled Substances Act authorizes forfeiture to the
government of certain property seized from drug offenders.  See
21 U.S.C. §§ 881 *et. seq.*  See also United States v. Hines, No.
CR.A. 99-543, WL 22232887, at *2-3 (E.D.Pa. 2003).  Such property
includes "all moneys, negotiable instruments, and securities used
or intended to be used to facilitate" drug-related crimes.  21
U.S.C. § 881(a)(6).  Property seized from drug offenders that is
valued less than $500,000 is subject to summary administrative
forfeiture proceedings.  See 19 U.S.C. §§ 1607-09.  To effect
such a forfeiture, the government must send written notice of the

---

[3]Reddick cannot use Fed. R. Civ. P. 41(g) to challenge the
results of a completed administrative forfeiture.  See United
States v. Rivas-Cristales, No. 03-2891, 2004 WL 414816, at *1
(8th Cir. 2004)(Rule 41 may not be used to attack antecedent
civil forfeitures); accord Zapata v. United States, No. M18-65,
1996 WL 617369, at *2 (S.D.N.Y. Oct. 25, 1996).

seizure along with information on the applicable forfeiture procedures to "each party who appears to have an interest in the seized article."  19 U.S.C. § 1607(a).  If the government receives no response to the notice within a prescribed period of time, the seized property is declared administratively forfeited to the government.  See id.

"If an individual fails to contest an administrative forfeiture, he loses all recourse for judicial review of the administrative proceeding's merits."  Longenette v. Krusing, 322 F.3d 758, 761 n. 4 (3d Cir. 2003); Hines, WL 22232887 at *2-3. While most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations, United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) and Toure v. United States, 24 F.3d 444, 445-56 (2d Cir. 1994), federal courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice, Mantilla v. United States, 302 F.3d 182, 184 (3d Cir. 2002) and Giraldo, 45 F.3d at 511.  "The operative question is whether notice was adequate at the time that the notice was sent, and due process is not satisfied if the notifying party knew or had reason to know that notice would be ineffective."  Krecioch

v. United States, DEA, 221 F.3d 976, 980 (7th Cir. 2000).

> When the government mails a notice to an address at which it
> knows the claimant not to be, the notice typically violates
> due process because it is not reasonably calculated to
> apprise the claimant of the action.  See United States v.
> Giraldo, 45 F.3d 509, 511 (1st Cir. 1995); United States v.
> Woodall, 12 F.3d 791, 794 (8th Cir. 1993).  If it does
> nothing more, the government knows for fact that the
> claimant will never receive notice.  When the government
> does not know or reasonably cannot discover the plaintiff's
> whereabouts, the government may satisfy due process with
> mere publication of a forfeiture notice.  Mullane v. Central
> Hanover Bank & Trust Co., 339 U.S. 306, 317-19 (1950).
> However, when the claimant is incarcerated or in government
> custody, the ease of learning the claimant's location makes
> it in most cases "unreasonable" for the forfeiting agency to
> fail to ascertain the location of one it knows to be in
> government custody.

Id.

Here, the DEA allegedly denied Reddick due process by

failing to provide him with adequate notice of the forfeiture

proceedings initiated against him.  Reddick claims that he never

received the DEA's December 30, 2003 notice, and the record is

silent as to whether he was advised of his right to petition the

DEA for remission or mitigation and/or contest the forfeiture of

the seized property in federal court.  Although the DEA or NPD

allegedly made attempts to notify Reddick at his residence,

during that time the DEA and NPD were aware that he was

incarcerated in Manchester, New Hampshire.  Because Reddick was

incarcerated or in government custody at the time the notices

were sent to him, it would have been reasonable for the DEA to have ascertained his location and provided proper notice.

If true, Reddick's allegations may well give rise to a collateral due process claim arising from the DEA's notice of forfeiture proceedings.  However, Reddick has not identified an individual defendant who can be sued in this action, therefore, I order him to amend his complaint to identify a proper defendant. If he intends to bring this action against the Forfeiture Counsel of the DEA, Asset Forfeiture Section, he should clearly state so in his amended complaint.

### Conclusion

For the reasons stated above, I recommend dismissal of the official capacity claims under *Bivens* against the DOJ, DEA and Doe.  In addition, I order Reddick to amend his complaint to identify a proper defendant, as described above.

Reddick will have thirty (30) days from the date of this report and recommendation in which to file an amended complaint. A failure to amend may result in a recommendation, to the presiding judge, of a dismissal of the claim(s) and/or

defendant(s) from this case.

      **SO ORDERED.**

                    James R. Muirhead
                    United States Magistrate Judge

Date: January 17, 2006

cc:    Dwayne A. Reddick, *pro se*

11