UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dwayne A. Reddick

v.                                     Civil No. 05-cv-256-SM

United States Department
of Justice et al.

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Dwayne A. Reddick has filed a second amended complaint, seeking the return of property that was seized and administratively forfeited by the Drug Enforcement Administration ("DEA")(document no. 13). The DEA allegedly seized Reddick's property and failed to provide adequate notice of forfeiture proceedings initiated against him, in violation of his rights under the Fourth and Fifth Amendments to the United States Constitution.[1] Although Reddick invokes 42

---

[1] As Reddick names only federal defendants, I liberally construe the complaint to allege Fifth Amendment, rather than Fourteenth Amendment, due process claims. See Frias v. Smith, Civ. No. 3:05-CV-1753, 2006 WL 1094587 (M.D. Pa. April 25, 2006)("Since the defendants are federal officials and not state officials, the Due Process Clause of the Fifth Amendment rather than the Due Process Clause of the Fourteenth Amendment is applicable in this case.") Because he cites to the Eighth Amendment without identifying any supporting claims, I construe the complaint to allege only Fourth and Fifth Amendment claims.

U.S.C. § 1983, he names only federal defendants, therefore, I construe his claims to be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). He also invokes 21 U.S.C. § 882(a), which I construe as a collateral due process challenge to the administrative forfeiture proceedings.

Seeking declaratory, injunctive and monetary relief, Reddick brings this action against the United States Department of Justice ("DOJ"), the DEA and three DEA employees: Senior Attorney Carmen R. Pomares; Special Agent Lisa Remick; and John Doe (document nos. 1, 5 and 13). The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I conclude that Reddick has alleged a collateral due process claim against the DOJ and DEA arising from the administrative forfeiture of his property. I recommend dismissal of all remaining claims.

## Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See

Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Construing the factual allegations in the light most favorable to Reddick, the material facts are as follows. Reddick is currently incarcerated as a pretrial detainee at the Hillsborough County Department of Corrections. He was arrested by the Nashua Police Department ("NPD") at his residence in Nashua, New Hampshire on October 15, 2003. During the arrest, an NPD officer seized currency in the amount of $2,895.00. Subsequently, the Hillsborough County Attorney's Office turned the property over to Lisa Remick, a Special Agent for the DEA. On November 17, 2003, the DEA adopted the currency and initiated

3

forfeiture proceedings against Reddick pursuant to 21 U.S.C. § 881.

The DEA purportedly sent a notice of seizure to Reddick on December 30, 2003, notifying him of the initiation of forfeiture proceedings. Reddick contends, however, that he never received the notice. In October 2004, he sent a demand letter to the NPD and requested the return of his property. Deputy Chief Don Conley of the NPD responded on November 8, 2004, advising Reddick that a notice was sent to his residence in Nashua, New Hampshire on November 17, 2003. At that time, Reddick claims, Conley knew that he was incarcerated at Valley Street Jail in Manchester, New Hampshire and therefore unable to be served with the notice at his Nashua address.

On April 8, 2005, Reddick sent a demand letter to the DEA in which he requested the return of his property and advised the DEA that he never received proper notice of the forfeiture. The DEA responded on April 21, 2005, notifying Reddick that because he failed to timely contest the seizure his currency was declared forfeited to the United States on March 24, 2004. Reddick now brings the instant action, seeking declaratory, injunctive and monetary relief, including $2,895.00 which equals the amount of currency seized and administratively forfeited.

Discussion

I.   Challenge to Administrative Forfeiture

Reddick alleges that defendants violated his Fourth and Fifth Amendment rights by acquiring his property through an unconstitutional search and seizure and failing provide adequate notice of the forfeiture proceedings initiated against him. Because he invokes 21 U.S.C. § 882(a)[2], I construe his claim as a collateral due process challenge to the administrative forfeiture proceedings.

"The Civil Asset Forfeiture Reform Act, codified at 18 U.S.C. § 983, provides the process applicable to civil forfeitures of certain property." Rodriguez v. United States, No. Civ. 05-CV-325JD, 2006 WL 889557, at *2 (D.N.H. March 29, 2006)(citing United States v. One Parcel of Real Prop. Known as 45 Claremont St., 395 F.3d 1, 3 (1st Cir. 2004)).  "A forfeiture

---

[2]Section 882(a) provides for injunctive relief under the Drug Abuse Prevention and Control Act, 21 U.S.C. § 801 et seq. (the "Controlled Substances Act").  "The Controlled Substances Act authorizes forfeiture to the government of certain property seized from drug offenders, including 'all proceeds traceable to such an exchange, and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of [21 U.S.C. § 881(a)(6)].'" United States v. Weimer, Crim. A. 01-272-01, 2006 WL 562554, at *3 n1 (E.D. Pa. March 7, 2006)(citing 21 U.S.C. § 881 (a)(6))).

of property of a value less than $500,000 can be completed administratively by a declaration, while contested forfeiture proceedings, in which claims have been filed, are referred to the United States Attorney's Office." Id. (citing 18 U.S.C. § 983(a)(2) and 19 U.S.C. § 1609).

Once the United States has completed an administrative forfeiture of the property, "the district court lack[s] jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process." United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996). See also United States v. Robinson, 434 F.3d 357, 364 (5th Cir. 2006)("District courts lack jurisdiction to review the merits of [an administrative] forfeiture unless the agency failed to follow statutory and constitutional due process standards."). "This lack of jurisdiction extends even to constitutional challenges to the search and seizure leading to forfeiture." Sandoval v. United States, No. 00 Civ. 1259, 2001 WL 300729, at *3 (S.D.N.Y. Mar 28, 2001)). See also Dawson v. DEA, 927 F. Supp. 748, 752 (S.D.N.Y. 1996) (district court lacks jurisdiction to review "constitutional challenges to search and seizure"), aff'd, 112 F.3d 503 (2d Cir. 1997).

"An individual facing forfeiture risks being deprived of his

6

or her property and thus is entitled to notice and an opportunity to be heard." Nunley v. DOJ, 425 F.3d 1132, 1135 (8th Cir. 2005). In determining whether notice comported with due process, a court looks to whether the notice was "'reasonably calculated under all the circumstances" to apprise the petitioner of the pendency of the . . . forfeiture.'" Dusenbery v. United States, 534 U.S. 161, 168 (2002). See also Onwubiko v. United States, 969 F.2d 1392, 1398 (2d Cir. 1992) ("[I]f an administrative forfeiture is procedurally deficient, the court has jurisdiction to correct the deficiency.").

Here, Reddick claims that defendants denied him due process by failing to provide him with adequate notice of the forfeiture proceedings initiated against him. He allegedly never received the DEA's notice of December 30, 2003. In October 2004, he sent a demand letter to the NPD and requested the return of his property. The NPD responded by advising Reddick that a notice was sent to his residence in Nashua, New Hampshire on November 17, 2003. At that time, Reddick claims, government officials knew he was incarcerated in Manchester, New Hampshire and therefore unable to be served with the notice at his Nashua address.

On April 8, 2005, Reddick sent a demand letter to the DEA in

which he requested the return of his property and explained that he never received proper notice of the forfeiture. In response, the DEA advised him that it sent a notice of seizure to his Nashua residence and that because he failed to timely contest the seizure his currency was declared forfeited to the United States on March 24, 2004. Because Reddick allegedly was incarcerated or in government custody at the time the notices were sent to him, it would have been reasonable for the DEA to have ascertained his location and provided proper notice. As a result of the inadequate notice, Reddick allegedly has been denied the opportunity to timely contest the forfeiture of his property. If true, these allegations may give rise to a collateral due process claim against the DOJ and DEA arising from the inadequate notice with regard to the administrative forfeiture of Reddick's property. Because Reddick has failed to amend his complaint to allege sufficient predicate facts against Pomares, Remick and Doe, I recommend dismissal of the claims against them.

II. Bivens Claims

Reddick alleges that defendants acquired his property through an unconstitutional search and seizure and failed to provide adequate notice of forfeiture proceedings, in violation of his Fourth and Fifth Amendment rights. I liberally construe

8

his claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

To the extent Reddick alleges official capacity claims against the defendants, I conclude that he has failed to state a claim upon which relief may be granted. The Supreme Court has declined to imply a *Bivens* action against federal agencies or federal agents acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471 (1994); accord Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003) (holding that *Bivens* actions may not be filed against federal agencies or federal agents acting in their official capacities); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (same); Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("It is well settled that a *Bivens* action will not lie against an agency of the federal government."). Accordingly, I recommend dismissal of the official capacity claims under *Bivens* against Pomares and Remick.[3]

To the extent Reddick alleges individual capacity claims against the defendants, I conclude that he has failed to state a

---

[3]In my report and recommendation of January 17, 2006, I recommended dismissal of the *Bivens* claims against the DOJ, DEA and John Doe in their official capacities. My report and recommendation was approved on February 13, 2006.

claim under the Fourth and Fifth Amendments.  As to the Fourth Amendment claim arising from defendants' seizure and forfeiture of Reddick's property, I conclude that this Court lacks jurisdiction over such claim.  As explained above, where as here, forfeiture proceedings have been completed, a district court lacks jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process.  See Schinnell, 80 F.3d at 1069.  See also Dawson, 927 F. Supp. at 752 (S.D.N.Y. 1996) ("[O]nce the administrative process has begun, a federal district court generally lacks subject matter jurisdiction to review the merits of an administrative forfeiture decision, including constitutional challenges to the search and seizure.")(internal citations omitted).  Accordingly, I recommend dismissal of Reddick's Fourth Amendment claim in its entirety.

As to the Fifth Amendment due process claim arising from defendants' administrative forfeiture of Reddick's property, I conclude that Reddick has failed to state a claim upon which relief may be granted.  In order to state an individual capacity claim under *Bivens*, a plaintiff must allege facts which show that a defendant acted 'under color of federal authority' and was personally involved in the deprivation of his constitutional

rights.  See Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir. 1997) (explaining that personal involvement is required to state a claim under *Bivens*).  Here, Reddick alleges that during the course of forfeiture proceedings, he was intentionally deprived of property without due process of law.  See Boero v. Drug Enforcement Administration, 111 F.3d 301, 305 n.4 (2d Cir. 1997) ("A challenge against a seizing agency may be read as a claim alleging intentional deprivation of property without due process of law.")(citing Bivens, 403 U.S. 388 (1971)).  He fails, however, to identify any intentional or reckless behavior on the part of any defendant.  Nor does he allege that any defendant acted in bad faith during the administrative forfeiture proceedings.  See U-Series International Servs., Ltd. v. United States, No. 94 Civ. 2733 (MBM), 1995 WL 671567, at * 6 (S.D.N.Y. Nov. 7, 1995)(no Fifth Amendment due process violation where plaintiff failed to allege that DEA forfeiture counsel acted intentionally, recklessly or in bad faith in depriving him of property).  While defendants may have been negligent in providing adequate notice, Reddick has not demonstrated that any defendant acted intentionally, recklessly or in bad faith in depriving him of property.  Accordingly, I conclude that he has failed to allege a Fifth Amendment due process claim under *Bivens* against

11

the defendants and recommend dismissal of this claim in its entirety.

## Conclusion

For the reasons stated above, I conclude that Reddick has alleged a collateral due process claim against the DOJ and DEA arising from the inadequate notice with regard to the administrative forfeiture of his property. I recommend dismissal of all remaining claims.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

```
                                    /s/ James R. Muirhead
                                    James R. Muirhead
                                    United States Magistrate Judge
Date: May 11, 2006

cc:   Dwayne A. Reddick, *pro se*
```