UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Dwayne A. Reddick</u>

 v.              Civil No. 05-cv-256-SM

<u>United States Department</u>
<u>of Justice et al.</u>

<u>O R D E R</u>

  Proceeding *pro se* and *in forma pauperis*, plaintiff Dwayne A. Reddick has filed a second amended complaint, seeking the return of property that was seized and administratively forfeited by the Drug Enforcement Administration ("DEA")(document no. 13). The DEA allegedly seized Reddick's property and failed to provide adequate notice of forfeiture proceedings initiated against him, in violation of his rights under the Fourth and Fifth Amendments to the United States Constitution. Although Reddick invokes 42 U.S.C. § 1983, he names only federal defendants, therefore, I construe his claims to be brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). He also invokes 21 U.S.C. § 882(a), which I construe as a collateral due process challenge to the administrative forfeiture proceedings.

  Seeking declaratory, injunctive and monetary relief, Reddick

brings this action against the United States Department of Justice ("DOJ"), the DEA and three DEA employees: Senior Attorney Carmen R. Pomares; Special Agent Lisa Remick; and John Doe (document nos. 1, 5 and 13). The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

For the reasons stated in the report and recommendation issued simultaneously herewith, I conclude that Reddick has stated a collateral due process claim against the DOJ and DEA arising from the inadequate notice with regard to the administrative forfeiture of his property. I have recommended dismissal of all remaining claims. Accordingly, I order that defendants be served with and respond to the complaint.

The Clerk's Office is directed to prepare the necessary summonses and forward to (i) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States and (iii) the Drug Enforcement Administration, by certified mail, return receipt requested, copies of the summonses, this order, the report and recommendation and the complaint (document nos. 1, 5 and 13). See Fed. R. Civ. P.

4(c)(1) and 4(i)(1) and (2).

Defendant is instructed to answer or otherwise plead within sixty (60) days from service. See Fed. R. Civ. P. 12(a)(3)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

                                                       _James R. Muirhead_
                                                       James R. Muirhead
                                                       United States Magistrate Judge

Date: May 11, 2006

cc:   Dwayne A. Reddick, *pro se*